UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBIN L COLE WATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL COACHING - CREDIT REPAIR LLC,<br><br>    Defendant. | Case No. 2:23-CV-00367-GSL-AZ |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Partial Dismissal. [DE 26]. For the following reasons, the Court DENIES Defendant's motion.

**A. Factual History**

In June of 2023, Plaintiff contacted Defendant over the phone to inquire about its services. [DE 21, ¶ 11]. Defendant is a credit repair organization that offers services to consumers for the purpose of repairing their credit. [*Id.* at ¶ 5]. Plaintiff alleges that Defendant represented that it would be able to get negative information removed from Plaintiff's credit report, regardless of the accuracy or validity of the information. [*Id.* at ¶ 36]. In addition, to incentivize Plaintiff to sign up for the service, Defendant allegedly represented that when it disputes information on a credit report, this triggers an investigatory obligation for credit reporting agencies, and these agencies are then required to respond to the claims. [*Id.* at ¶ 40].

After this June 2023 phone call, Plaintiff agreed to sign up for Defendant's service and to pay $110 per month—allegedly upfront, before services were completed. [*Id.* at ¶¶ 15, 17]. Plaintiff alleges that Defendant represented that within three months of using Defendant's services, Plaintiff's credit score would improve to such an extent that she would qualify for a

home mortgage. [*Id.* at ¶ 38]. However, after 3 months of using Defendant's service, Plaintiff claims that her financial position still did not allow her to qualify for a home mortgage, and that her credit score had shown no meaningful improvement. [*Id.*]. Plaintiff alleges that she cancelled Defendant's service in September of 2023, but that Defendant continued to charge her after the fact. [*Id.* at ¶ 39]. Further, Defendant failed to refund Plaintiff for any and all services that Defendant allegedly failed to completely perform. [*Id.* at ¶ 29].

Plaintiff also alleges that Defendant required her to sign up for additional services through "Identity IQ" at an extra cost of $19 per month. [*Id.* at ¶ 18]. Defendant required these additional services to be bundled with the baseline service at an extra fee, but Plaintiff alleges that these extra services were widely available to consumers on the market at little or no cost. [*Id.* at ¶ 19]. Moreover, Plaintiff claims that Defendant received kickbacks from Identity IQ for bundling its services with Defendant's own. [*Id.* at ¶ 20].

### B. Procedural History

On October 24, 2023, Plaintiff filed the instant action. [DE 1]. Plaintiff filed an amended complaint on January 31, 2024. [DE 21]. Plaintiff alleges that Defendant violated several provisions of the Credit Repair Organization Act ("CROA"), the Tennessee Credit Services Businesses Act, and the Tennessee Consumer Protection Act. [*Id.*]. On February 14, 2024, Defendant filed the instant motion, and seeks to dismiss only Plaintiff's claims for violations of 15 U.S.C. §§1679b(a)(3)–(4), which are the CROA provisions relating to fraud. [DE 26]. Defendant also seeks dismissal of the corresponding fraud claims brought under the Tennessee statutes. [*Id.*].

2

### C. Legal Standard

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### D. Discussion

#### 1. *Application of Rule 9(b)—Heightened Pleading Standard for Fraud*

As an initial matter, the parties disagree over the pleading standard for which the Court should apply for a Rule 12(b)(6) analysis. Plaintiff argues that the Court should apply Rule 8(a) because the claims under §§1679b(a)(3)–(4) involve "misrepresentations or deceptive acts . . . *not fraud* . . . ." [DE 28, pages 4 and 7] (emphasis added). Plaintiff supports this argument by noting that the CROA is a strict liability statute and omits the scienter requirement of common law fraud. [*Id.* at 7]. Further, Plaintiff argues that the CROA is a consumer protection statute and that requiring a heightened pleading standard would impose an unnecessary impediment to consumers seeking to assert their consumer rights. [*Id.*]. However, Plaintiff concedes that case law on this issue is limited, and instead points to courts analyzing pleading standards under other

3

consumer protection statutes. [*Id.* at 4–7] (comparing §§1679b(a)(3)–(4) to claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692). Plaintiff also asks the Court to set aside cases that have applied the heightened pleading standard to §§1679b(a)(3)–(4) because those courts "failed to appreciate" the scope of those provisions, which Plaintiff purports encompasses a variety of deceptive conduct that do not require a showing of fraud. [*Id.* at 8–10].

On the other hand, Defendant argues that the Court must apply Rule 9(b) to the claims under §§1679b(a)(3)–(4). [DE 27, page 6]. Defendant argues that these claims are "premised upon a course of fraudulent conduct" and are therefore subject to the heightened pleading standard. [*Id.*]. Further, Defendant cites cases that apply the heightened pleading standard to claims that are "grounded in fraud" or are "sound in fraud," even if the claimed conduct "would not necessarily give rise to a cause of action for deceit at common law." [DE 31, page 2].

Because Plaintiff's pleadings contain sufficient factual allegations to withstand a 12(b)(6) challenge under either pleading standard, the Court will apply Rule 9(b) in this case.[1] Under the Rule 9(b) standard, the complaint must describe the "who, what, when, where, and how of the fraud." *United States v. Molina Healthcare of Illinois, Inc.*, 17 F.4th 732, 739 (7th Cir. 2021) (internal quotations and citation omitted). However, courts are not to take an overly rigid approach to applying the Rule 9(b) requirement. *Id.* Allegations should be precise and substantiated, but the specific details needed to support a fraud claim are case dependent. *Id.*

### 2. Sufficiency of the Pleadings for CROA Fraud Claims

In her Complaint, Plaintiff alleges five separate factual bases to support her claims of violations of CROA §§1679b(a)(3)–(4). [DE 21, ¶¶ 36–40]. In its briefing for the instant motion

---

[1] The Court makes no determination of whether Rule 9(b) should always be applied to claims under §§1679b(a)(3)–(4).

to dismiss, Defendant only challenges two of these factual bases as insufficient and leaves the other three undisputed. [DE 27]; [DE 31]. As such, Defendant waives any argument against the three undisputed factual bases. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate" (internal citations omitted)). The Court now addresses each of these factual bases in turn for their sufficiency against the heightened pleading standard under Rule 9(b).

First, Plaintiff alleges that Defendant represented that it would get negative information removed from Plaintiff's credit report, regardless of the accuracy or validity of the information. [DE 21, ¶ 36]. Plaintiff claims this alleged misrepresentation by Defendant occurred in June 2023 over the phone when Defendant was encouraging Plaintiff to purchase its credit repair service. [*Id.*]. Defendant argues that Plaintiff did not specifically allege the "who", "when", and "where" of the alleged fraud. [DE 27, page 8]. This is incorrect. Plaintiff alleged that she spoke with *Defendant's employee over the phone in June of 2023*. This is sufficient to put Defendant on notice to as to the "who", "when", and "where" of the alleged fraud. Requiring more specificity is overly burdensome on Plaintiff and beyond the scope of Rule 9(b). *See Cap. One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC*, No. 08-cv-147, 2008 WL 2660973, *4–5 (E.D. Va. July 3, 2008); *see also Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827, 839 (N.D. Ill. 2007). Further, Defendant argues that Plaintiff failed to allege facts that Defendant actually disputed information on her credit report, or that Plaintiff was personally affected by the alleged fraud. [*Id.*]. Neither of these arguments affect Plaintiff's claim that Defendant made misrepresentations to Plaintiff over the phone to induce her to purchase Defendant's services.

5

Therefore, they are not relevant to this analysis for determining the factual sufficiency of the claims. Based on this factual basis, Plaintiff pled sufficient factual allegations under Rule 9(b).

Second, Plaintiff alleges that Defendant represented that after 3 months, Plaintiff's credit score would improve enough that she would qualify for a home mortgage. [DE 21, ¶ 38]. Again, Defendant makes the same "who", "when", and "where" arguments under Rule 9(b). [DE 27, page 9]. And again, the Court determines that Plaintiff's allegation that this misrepresentation occurred in the same conversation with Defendant's employee over the phone is sufficient under Rule 9(b). *See Cap. One Bank (USA) N.A.*, 2008 WL 2660973 at *4–5; *see also Martinez*, 527 F. Supp. 2d at 839. Defendant also argues that Plaintiff does not allege facts that Defendant failed to deliver on its promises. [*Id.*]. But again, this argument is not relevant to whether Plaintiff pled sufficient factual allegations that Defendant made a misrepresentation to Plaintiff over the phone to induce her to purchase Defendant's services. This second factual basis is sufficient under Rule 9(b) to support Plaintiff's fraud claims.

Plaintiff alleges three more factual bases in her Complaint: 1) Defendant deceptively required her to purchase additional services as a bundle with the baseline service, even though the additional services exist on the market for little or no cost [DE 21, ¶ 37], 2) Defendant fraudulently continued charging her for services after she cancelled [*Id.* at ¶ 39], and 3) Defendant falsely represented that credit reporting agencies are under a statutory obligation to investigate and respond to disputes initiated by Defendant [*Id.* at ¶ 40]. As the Court previously noted, Defendant failed to address any of these bases in its memorandum to the instant motion [DE 27] or in its subsequent reply [DE 31]. The latter omission is especially noteworthy because Plaintiff's response to the instant motion highlighted Defendant's failure to address these additional three factual bases. [DE 28]. Nevertheless, the Court finds that these three factual

bases, in addition to the other two previously addressed, are all sufficient to support the claims under the heightened pleading standard of Rule 9(b).

### 3. Choice of Law for State Claims

Defendant seeks dismissal of Plaintiff's claims brought under Tennessee statute because it argues that Indiana law should apply. [DE 27, page 10]. When hearing state law claims under supplemental jurisdiction, a federal court will apply the forum state's choice of law rules to select the applicable state substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Felder v. Casey*, 487 U.S. 131, 151 (1988)). Here, both parties agree that the forum state is Indiana and Indiana's choice of law rules should apply in this case. However, Defendant stops its analysis at this point, seemingly confusing a state's choice of law rules with a state's substantive law. [DE 27, page 10–11]; [DE 31, page 7–8]. To end at this point is premature. The Court must apply Indiana's choice of law rules to determine whether Indiana or Tennessee substantive law is applicable in this case.

Indiana's choice-of-law analysis for tort cases involves two steps. *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004). First, the court must determine if there exists a significant conflict between the substantive laws of the states. *Id.* If a conflict exists, "the presumption is that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Id.* In other words, the court will apply the substantive law of the state in which the alleged wrong took place. *Id.* Second, a party may rebut this presumption by persuading the court that "the place of the tort bears little connection to this legal action." *Id.* In analyzing a rebuttal, the court will evaluate several factors such as the location of the alleged conduct, the residence of the parties, and the place where the relationship is centered. *Id.*

7

For the instant motion, the parties provided only limited briefing on the issue of choice of law and do not fully discuss Indiana's choice of law analysis. Notwithstanding, the Court finds that Tennessee's substantive law should apply. First, Defendant asserts that Tennessee law is not applicable in this case but fails to argue that there exists any significant conflict between the relevant laws of Indiana and Tennessee. For the purposes of this analysis, the Court will assume such a conflict exists since the parties are disputing the matter. As such, the Court will apply the presumptive *lex loci delicti* rule. The several bases for most of Plaintiff's claims are the misrepresentations that Defendant made to Plaintiff over the phone to solicit her business. During this phone call, Plaintiff was located at her residence in Tennessee; so logically, this is the location of where the tort occurred. Defendant fails to make any arguments that the location of the tort was elsewhere. Therefore, the presumption supports the conclusion that the location of the tort was in Tennessee, and Tennessee substantive law should apply. *See Simon*, 805 N.E.2d at 806 (applying the substantive law of the state where the last event necessary for liability occurred). Second, Defendant fails to make any arguments that the place of the tort bears little connection to this legal action. In other words, Defendant fails to rebut the presumption. Therefore, the presumption stands, and Tennessee substantive law is the appropriate law to be applied to Plaintiff's claims. *Id.*

## CONCLUSION

The Court hereby DENIES Defendant's Motion for Partial Dismissal. [DE 26].

SO ORDERED.

ENTERED: August 12, 2024

                                              /s/ GRETCHEN S. LUND
                                              Judge
                                              United States District Court