# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

ROBIN L COLE WATKINS,       )
                                      )
           Plaintiff,      )
     v.                      )       Case No. 2:23-cv-367-GSL-AZ
                                        )
SOCIAL COACHING – CREDIT   )
REPAIR, LLC,              )
                                      )
           Defendant.     )

## FINDINGS, REPORT, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1

This matter is before the Court on Plaintiff Cole Watkins' failure to show cause as ordered on March 17, 2025 [DE 49]. A hearing was held on March 17, 2025, one month after the Court issued the Order to Show Cause, where Plaintiff failed to appear. I will now issue a report and recommendation to District Judge Gretchen S. Lund pursuant to 28 U.S.C. § 636(b) [DE 25]. This Report constitutes my proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, I recommend that Judge Lund sanction Plaintiff in the form of dismissal with prejudice for her failure to appear and show cause as ordered.

## Background

This case arises from a dispute involving Plaintiff's credit report and her attempts to fix her credit report through Defendant Social Coaching's services. The Rule 16 conference was held on January 25, 2024, before then-Magistrate Judge Kolar, where then-counsel for Plaintiff, Attorney Volheim, appeared on behalf of

Plaintiff. DE 18. The case progressed through a motion to dismiss and a motion to compel until the case was reassigned to me and I held a telephone conference on December 17, 2024, to get up to speed on the status of the case. DE 43. There, the parties informed me that Plaintiff's deposition was still outstanding, so they indicated that they would file a joint request for an extension of the discovery, which I ultimately granted through March 31, 2025. DE 44, 45. Soon after I granted the extension, on January 30, 2025, Attorney Volheim filed a motion to withdraw as counsel, indicating that Plaintiff had ceased all communication with him. DE 46. Attorney Volheim attempted every method of communication he had previously used to contact Plaintiff, and when they all failed to elicit a response from her, he filed his motion to withdraw.

A hearing on the motion was set and held on February 19, 2025. Plaintiff failed to appear. Attorney Volheim informed the Court that Plaintiff still has not responded to him and that he could determine that Plaintiff was receiving his messages, especially through text, via the 'read' function that shows when a recipient has opened a text message. DE 48. The parties also stated that Plaintiff's deposition was the last discovery to complete. I scheduled a hearing to show cause and ordered Attorney Volheim to inform Plaintiff that his motion to withdraw was granted and the date of the show cause hearing. DE 48. In my show cause order, I informed Plaintiff of the possibility of sanctions if she failed to appear, including the dismissal of the case. DE 49. The order was sent to Plaintiff at the address provided by attorney Volheim by regular and certified mail. *Id*. She was instructed to appear on March 17,

2025, and to respond to Defendant to schedule her deposition. The certified mail receipt received by the Court indicated that the order was physically delivered to Plaintiff's address, but the delivery confirmation was not signed. DE 50. Plaintiff did not show up to court on March 17, 2025, and Defendant informed the Court that Plaintiff did not respond to any of its attempts to communicate with her by email and voicemail. DE 51.

## Analysis

Rule 41(b) allows a court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. PRO. 41(B). Before the district court imposes a Rule 41(b) dismissal, it may consider five factors: 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case. *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000).

In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Martin v. Stone*, 986 F.2d 1424 (7th Cir. 1993) (citing *Sanders v. Gen. Servs. Admin.,* 707 F.2d 969, 971 (7th Cir. 1983) (citation omitted)). A Rule 41(b) dismissal is a "drastic remedy," *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 953 (7th Cir. 2000) and a "harsh sanction" that should "be

employed only as a last resort." *Rice v. City of Chicago.*, 333 F.3d 780, 786 (7th Cir. 2003).

The Rule 41(b) factors described above weigh in favor of dismissal. First, Plaintiff was explicitly warned that dismissal of her case was a possibility if she did not appear in court. She was informed by her then-attorney. She was warned in the Order to Show Cause issued February 19, 2025. DE 49. Plaintiff was given ample notice of the consequences of her failure to participate in this lawsuit.

Second, the frequency and magnitude of the Plaintiff's noncompliance with court orders and deadlines merits dismissal. *See Malone v. Securitas Sec. Servs. USA, Inc.*, 669 Fed. App'x. 788, 789 (7th Cir. 2016) (finding multiple missed deadlines were sufficient to justify dismissal). She has failed to comply with a single court order since her attorney withdrew, even though she was aware of the orders and capable of viewing them by multiple methods of communication. The fact that attorney Volheim could tell she had opened his messages but chose not to respond is indicative of her failure to cooperate. Plaintiff has been given many chances to participate in this lawsuit, and she has declined all of them.

Third, Plaintiff chose to file this lawsuit and her unwillingness to participate in its proceedings has substantially prejudiced Defendant. The mere existence of a pending suit causes prejudice by taking up a defendant's time and resources. *See Martinez v. County of Porter, Indiana*, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 20, 2016) ("Prejudice may arise from the mere continued existence of the suit, by tying up a defendant's time and prolonging uncertainty and anxiety.") And the

"[u]nwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Defendant cannot fairly defend against Plaintiff's claims if she is unwilling to even communicate regarding completing her deposition, the last remaining discovery item in the case.

Fourth, it is difficult to see how less severe sanctions would be effective in this matter because the Court has never met Plaintiff nor has she adhered to a single court order. Further, attorney Volheim represented that she appeared to actively ignore his attempts to communicate with her. Based on these circumstances, the Court has no confidence that there is anything it can do to compel Plaintiff's participation in this lawsuit.

Regarding the fifth factor, the Court has no knowledge of the merits of the case beyond the bare allegations of complaint because the case has not yet completed the discovery phase. It is proper, but not necessary, for a judge to consider the merits of a suit prior to dismissal. *Beeson v. Smith,* 893 F.2d 930, 931 (7th Cir. 1990). Here, I do not need to evaluate the merits of Plaintiff's claims given the overwhelming weight of the other Rule 41(b) factors in favor of dismissal.

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that the District Court **DISMISS with prejudice** Plaintiff Robin Cole Watson's case against Social Coaching – Credit Repair, LLC.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. 28 U.S.C. § 636(b)(1); *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 1st day of April 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Robin Cole Watkins, *pro se*, regular and certified mail, return receipt requested